UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**CHRISS JOHNSON,**
2151 County Road MM Lot 51
Oregon, WI 53575,

    Plaintiff,

-vs-                                                **CASE NO**. 21CV153

**PLAZA SERVICES, LLC,**
110 Hammond Drive, Suite 100
Atlanta, GA 30328

    Defendant.

---

## COMPLAINT

**NOW COMES** the plaintiff, Chriss Johnson, by and through his attorneys Lawton & Cates, S.C. and Attorney Briane F. Pagel and as and for a complaint in this matter hereby alleges as follows:

### PARTIES AND BACKGROUND FACTS

1. Plaintiff Chriss Johnson ("Johnson") is a Wisconsin citizen residing at 2151 County Road MM Lot 51, Oregon, WI 53575.

1. Defendant Plaza Services LLC ("Plaza") is a limited liability company with a principal place of business located at 110 Hammond Drive, Suite 100, Atlanta, Georgia 30328.

2. This Court has jurisdiction over this action pursuant to 28 USC §1331, and jurisdiction over state-law questions pursuant to 28 USC 1367.

3. Johnson borrowed money for his personal and household purposes on March 8, 2019, from a company known as "Jora Credit of Wisconsin, LLC."

4. On or about June 17, 2019, Jora "wrote off" the balance Johnson owed, meaning that Jora believe the amount was uncollectible. Jora retained the right to demand and collect payment on the balance notwithstanding the write-off.

5. Prior to the write-off, Jora had entered into a sale agreement whereby it agreed to periodically sell and assign written off accounts to Defendant Plaza. On July 18, 2019, pursuant to that agreement, Jora sold and assigned Johnson's debt to Plaza.

6. Plaza then hired a collection agent to demand payment of the Jora debt from Johnson. On September 11, 2019, Plaza's agent called Johnson and demanded payment of the Jora debt from Johnson.

7. Plaza then filed a collection lawsuit in Dane County Circuit Court on September 9, 2020 (the "state court suit.") The state court suit is still pending as of the date of filing this complaint. In its state court complaint, Plaza demanded that Johnson pay it the Jora debt.

8. In the state court suit, Johnson served discovery requests that included a request for, *inter alia,* "[a]ny documents or records which in any way evidence, reflect, or record any and all communications whether written or oral between plaintiff… to… defendant." Plaza initially objected to providing any such documents.

9. Despite its objection, Plaza did provide a copy of a notice of right to cure default that had been sent to Johnson by Jora prior to the assignment of the debt.

10. Plaza also later provided a phone log showing phone calls from its debt collection agent to Johnson.

11. After Johnson's state court counsel followed up to inquire on whether additional documents should have been provided regarding communications, Plaza's state court counsel said that she had "been informed that there are no other written records regarding communications on that account" than those which had been provided.

12. None of the documents provided in discovery gave Johnson any notice that Plaza had been assigned Jora's debt.

13. Johnson's counsel in the state court suit issued a subpoena to Jora that required production of communications. . Jora refused to comply with the subpoena and provided no documents.

14. The state court suit said that Plaza was "the assignee of the original consumer loan between Jora Credit of Wisconsin LLC and Chriss Johnson, the details of which are

described below." However, the remainder of the complaint did not describe the debt in any manner which would allow Johnson to determine the specifics of any given loan.

15. The complaint did not include information otherwise required to be in a notice of assignment. It did not include a copy of the contract or any reasonable identification of the contract.

16. Johnson had an absolute right to go on paying Jora unless and until Plaza sent him a statutorily-compliant notice of assignment.

17. The notice of assignment also serves to notify a customer when he must begin dealing with a new creditor, and thus serves to provide important information to a customer by letting a customer know (and verify) that an assignee has the right to collect on a debt rather than the original creditor.

18. The inclusion of specific information in the notice of assignment allows a customer to determine the exact transaction in question.

19. Johnson did not deal with Plaza in taking out the subject loan, and did not know who Plaza was when they had their collection agent call him, and when he was sued.

20. When Johnson received a call from Plaza's debt collection agent, he expressed confusion over who was collecting from him.

## First Cause of Action:
## Violation of FDCPA:

21. Reallege and incorporate the foregoing as though set forth fully at this point.

22. By demanding payment from Johnson without first providing him with a statutorily-required notice of assignment, Plaza caused confusion in Johnson and deprived Johnson of information he was entitled by law to have before facing payment demands from an assignee of a consumer credit transaction,

23. By demanding payment from Johnson under the circumstances herein alleged, Plaza misrepresented the legal status of the debt, in that Plaza represented to Johnson that he had to pay Plaza, when Johnson had a right to go on paying Jora until he received a statutorily-compliant notice of assignment.

24. Johnson suffered confusion as a result of that deprivation of information and misrepresentation of the status of the debt, and anxiety over the thought that an unknown creditor was demanding money from him.

25. Plaza's actions therefore violate 15 USC sections 1692e and 1692f.

## Second Cause of Action:
## Violation of the Wisconsin Consumer Act

26. Reallege and incorporate the foregoing as though set forth fully at this point.

27. Plaza, by demanding payment from Johnson without first providing him a statutorily-compliant notice of right to cure default, threatened to and actually attempted to enforce a right to payment, when no such right existed because Johnson was still entitled to pay Jora, and under circumstances which Plaza knew or should have known that it lacked such a right.

## Damages Allegations:

28. Reallege and incorporate the foregoing as though set forth fully at this point.

29. Plaza's actions deprived Johnson of information he was entitled to by law. That lack of information caused Johnson confusion and anxiety; and, further, Johnson was caused confusion and anxiety by the demand for payment from a creditor with whom he had not dealt with on a debt he had no reason to think had been assigned.

30. Plaza is aware of the Wisconsin Consumer Act and the rights to notice of assignment it grants. Upon information and belief, Plaza simply intentionally disregards the rights of individuals like Johnson to such information.

31. As a direct and proximate result of all allegations herein, Johnson is entitled to an award of statutory, compensatory, and punitive damages.

**WHEREFORE** Johnson requests that the Court award him damages, costs and fees and any other relief justice allows or demands.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THIS ACTION.**

Dated: This 5th day of March, 2021.

**Lawton & Cates, S.C.**
Attorneys for Plaintiff, Chriss Johnson
*Electronically Signed By:*

*/s/ Briane F. Pagel*_____
Attorney Briane F. Pagel
State Bar No. 1025514

P.O. Address:
345 W. Washington Ave. Ste. 201
P.O. Box 2965
Madison, WI 53703
P: 608.280.6200/F: 608.282.6252
bpagel@lawtoncates.com